COURT OF APPEALS
DECISION
DATED AND FILED

November 22, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* **WIS. STAT. § 808.10 and RULE 809.62.**

Appeal No.     **2021AP763**

**STATE OF WISCONSIN**

Cir. Ct. No.  **2020SC2142**

**IN COURT OF APPEALS
DISTRICT III**

HOME MARKET INVESTMENTS, LLC,

  PLAINTIFF-RESPONDENT,

 V.

CAROL J. BARTH,

  DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Outagamie County:  VINCENT R. BISKUPIC, Judge.  *Affirmed in part; reversed in part, and cause remanded with directions.*

¶1    STARK, P.J.[1]  Carol Barth appeals a small claims judgment for $791.33 entered against her based upon her liability to Home Market Investments,

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2019-20).  All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

LLC, (HMI) under a Co-Signor Rental Guaranty Agreement (the Guaranty). Barth guaranteed payment for all obligations incurred by her daughter, Tanya Rachfal, under a residential lease with HMI (the Lease). The amount of the Barth judgment was calculated based upon the amount of a judgment previously entered against Rachfal. Barth argues that the judgment against her improperly includes costs and expenses incurred after the Lease terminated and items for which Rachfal was not obligated to pay under the Lease.

¶2     We conclude that the Guaranty applies to costs and expenses that Rachfal incurred during an extension of the Lease, and we affirm the circuit court's decision on that issue. We further conclude, however, that the court erred by including in the Barth judgment the statutory filing fee and court costs from the Rachfal judgment. Rachfal was not obligated to pay those amounts under the terms of the Lease; therefore, Barth is not obligated to pay them. We therefore, reverse and remand for the court to subtract the costs and fees included in the Rachfal judgment from the judgment in this case.

## BACKGROUND

¶3     On October 8, 2016, Rachfal signed the Lease with HMI for a six-month term from "October 8, 2016 [to] March 31, 2017." The Lease provided that it was "for the stated term and [would] expire without further notice." The Lease also provided that "[i]f tenancy is to continue beyond the stated term, parties should make arrangements in writing in advance of [the L]ease expiration." The Lease further stated that the "[t]enant agrees to pay all utility costs," which included charges for electricity, heat, gas, air conditioning, hot water, other water, and sewer.

2

¶4     In addition to the Lease, Rachfal signed an addendum titled "Rules and Regulations," by which she agreed to keep the premises clean.  Rachfal also signed another addendum titled "Nonstandard Rental Provisions," pursuant to which she agreed to permit HMI to deduct from her security deposit "[a]ll charges for cleaning the premises beyond normal wear and tear."

¶5     Barth lived next door to the unit Rachfal rented from HMI, and on the same day that Rachfal signed the Lease, Barth signed the Guaranty.  The Guaranty stated: "You as Guarantor signing this Rental Agreement Guaranty, guarantee all obligations of the resident under the Rental Agreement … which commences on 10/8/16 and ends on 3/31/17."  The Guaranty further stated that "[a]ll remedies against the resident apply to the Guarantor as well" and that the "Guarantor understands that, in the event [the] resident extends the current [L]ease, this Guaranty will apply to the [L]ease extension."  In bold letters, the Guaranty also stated that "[a]ll residents and Guarantors are jointly and severally liable for the financial obligations of the Rental Agreement."

¶6     After the original term of the Lease expired in March 2017, Rachfal remained in possession of the residence.  At a bench trial, Amy DeCoster, a co-owner of HMI, testified that HMI and Rachfal extended the Lease on a month-to-month basis after the original term expired, and that HMI had accepted Rachfal's subsequent rental payments.  This arrangement was confirmed by evidence introduced at trial of a September 2017 text message exchange, in which Rachfal confirmed her extended tenancy and asked to again renew the Lease.  DeCoster, in the same text exchange, notified Rachfal that HMI would not agree to again renew the Lease but it would permit Rachfal to stay on the premises for "a few more days or a week."  Rachfal vacated the unit in October 2017.  DeCoster testified that after Rachfal vacated the unit, HMI discovered an outstanding utility

charge. In addition, DeCoster testified that she and her husband spent six hours cleaning Rachfal's unit after Rachfal left.

¶7 HMI initially sued Rachfal in small claims court, and the circuit court awarded HMI a judgment in the amount of $569.83. The judgment included $263.33 owed by Rachfal for unpaid utilities, $210 in cleaning costs, a $94.50 statutory filing fee, and a $2.00 service fee.

¶8 Rachfal failed to pay this judgment, and HMI then brought a small claims action against Barth, seeking $1,498.83 due to Barth's guarantee of "the obligation of Tanya C. Rachfal, under a Lease with Plaintiff." At the bench trial held in January 2021, HMI voluntarily dismissed its request for statutory attorney's fees, thereby reducing the amount demanded to $569.83—the amount of the judgment previously entered against Rachfal, plus an additional $5.00 in fees that HMI incurred for docketing the Rachfal judgment.

¶9 Barth testified at trial that she signed the Guaranty. Barth further testified she was unaware that Rachfal would be staying in the unit longer than six months, and that nothing was mentioned to Barth about an extension of the Lease.

¶10 At the conclusion of the bench trial, the circuit court requested additional briefing from the parties. Barth argued that the Guaranty was not applicable because Rachfal became a periodic tenant when she stayed past the expiration of the Lease. Citing WIS. STAT. § 704.01(2), Barth explained that, by definition, a periodic tenant is one who holds possession of a unit without a valid lease. Because the utility and cleaning expenses at issue were incurred during the periodic tenancy, Barth contended that there was no valid lease for her to guarantee; she was therefore not liable for the amounts in question. Barth also argued that the court costs and expenses included in the Rachfal judgment were

4

not incurred under the Lease, and, consequently, she had not guaranteed their payment.

¶11    The circuit court later issued a written decision rejecting Barth's arguments and finding the Guaranty enforceable for the period after March 2017. The court entered an order for Barth to pay HMI $791.33. This judgment was comprised of the $569.83 owed on the Rachfal judgment plus $5.00 in docketing fees, $100.00 in attorney's fees, $2.00 in service fees, $94.50 in filing fees, and $20.00 in other costs. Barth now appeals.

## DISCUSSION

¶12    Barth renews her claims that the circuit court erred by concluding the Guaranty required her to be liable for expenses incurred by Rachfal after the Lease term expired, and for items that the Lease did not require Rachfal to pay. A "lease is a written contract and our analysis is controlled entirely by well-established canons of contract interpretation." *Tufail v. Midwest Hosp., LLC*, 2013 WI 62, ¶24, 348 Wis. 2d 631, 833 N.W.2d 586. "A guaranty is a contract." *DeWitt Ross & Stevens, S.C. v. Galaxy Gaming & Racing Ltd. P'ship*, 2004 WI 92, ¶44, 273 Wis. 2d 577, 682 N.W.2d 839. "Interpretation of a contract is a question of law which this court reviews de novo." *Deminsky v. Arlington Plastics Mach.*, 2003 WI 15, ¶15, 259 Wis. 2d 587, 657 N.W.2d 411. "The primary goal in contract interpretation is to give effect to the parties' intentions." *Seitzinger v. Community Health Network*, 2004 WI 28, ¶22, 270 Wis. 2d 1, 676 N.W.2d 426.

¶13    After a bench trial, "[w]e uphold a circuit court's findings of fact unless they are clearly erroneous" and "due regard shall be given to the opportunity of the [circuit] court to judge the credibility of the witnesses."

*Country Visions Coop. v. Archer-Daniels-Midland Co.*, 2021 WI 35, ¶19, 396 Wis. 2d 470, 958 N.W.2d 511; WIS. STAT. § 805.17(2). "[A] finding of fact is clearly erroneous when 'it is against the great weight and clear preponderance of the evidence.'" *Phelps v. Physicians Ins. Co. of Wis.*, 2009 WI 74, ¶39, 319 Wis. 2d 1, 768 N.W.2d 615 (citation omitted). Under this standard, regardless of whether the evidence could "permit a contrary finding, findings of fact will be affirmed on appeal as long as the evidence would permit a reasonable person to make the same finding." *Royster-Clark, Inc. v. Olsen's Mill, Inc.*, 2006 WI 46, ¶12, 290 Wis. 2d 264, 714 N.W.2d 530. "[W]e search the record not for evidence opposing the circuit court's decision, but for evidence supporting it." *Id.*

¶14 Barth first argues that the utility and cleaning expenses included in the Rachfal judgment were incurred after the Lease expired in March 2017 and that she guaranteed payment only for expenses that Rachfal incurred during the Lease term. Although Barth acknowledges that she guaranteed payment for expenses incurred during an extension of the Lease, she argues that the Lease required any extension to be in writing. Therefore, Barth asserts that she is not liable for the expenses included in the Rachfal judgment because HMI did not agree to extend the Lease in writing. Barth is incorrect.

¶15 The Lease states that "[i]f tenancy is to continue beyond the stated term, parties *should* make arrangements in writing in advance of lease expiration." (Emphasis added.) This language does not *require* any extension of the Lease to be in writing; it merely provides that any extension *should* be in writing. Thus, regardless of whether Rachfal incurred the utility and cleaning expenses during the time when the Lease was orally extended, Barth guaranteed payment for those expenses.

¶16     Barth next argues the Guaranty's clause extending her liability in the event of the Lease extension does not apply because the Lease was not extended. Barth asserts that, pursuant to WIS. STAT. § 704.25(2)(b), Rachfal became a periodic tenant after March 2017. WISCONSIN STAT. § 704.01(2) defines a "[p]eriodic tenant" as "a tenant who holds possession without a valid lease and pays rent on a periodic basis." Barth argues that because Rachfal was not subject to a valid Lease after March 2017 and she incurred the expenses at issue during a periodic tenancy, the extension provision in the Guaranty does not apply.

¶17     Barth's argument, however, ignores DeCoster's testimony stating that Rachfal and HMI agreed to extend the Lease on a month-to-month basis after March 2017. This agreement was confirmed by Rachfal's text message from September 2017, asking HMI to again renew her Lease. If the Lease had expired in March 2017, there would be nothing to renew in September 2017. While the circuit court did not specifically find that the Lease was extended, we can infer that the court made that finding as it found Barth liable for the utility and cleaning expenses under the Guaranty. The record supports the court's decision.

¶18     Finally, Barth argues that the circuit court erred by including in the judgment against her court costs and fees awarded as part of the Rachfal judgment. Barth does not identify the specific amounts in the judgment that she contests, but she states that "[f]iling fees and court costs are not mentioned in the rental agreement and are not obligations under the rental agreement." We therefore assume that the amounts Barth means to challenge are the $94.50 statutory filing fee and the $2.00 service fee included in the Rachfal judgment, as well as the $5.00 fee for docketing that judgment.

¶19 We agree that Barth is not obligated to pay these fees. Barth's Guaranty states: "All … Guarantors are jointly and severally liable for the financial obligations *of the Rental Agreement*." (Emphasis added.) While HMI correctly argues that these costs were incurred because Rachfal defaulted under the terms of the Lease, there is no provision in the Lease requiring Rachfal to pay court costs or fees incurred in a lawsuit between HMI and Rachfal. The fees and costs at issue were awarded to HMI as part of its judgment against Rachfal pursuant to statute. The $94.50 filing fee is comprised of three separate statutory fees combined. *See* WIS. STAT. §§ 814.62(3), 814.85(1)(c), 814.86(1). The $2.00 fee is required pursuant to § 814.62(4) for service of the judgment by mail on the defendant. Lastly, WIS. STAT. § 814.61(5)(am)2. requires a $5.00 fee for docketing the judgment. None of these fees and costs were incurred under the Lease, and therefore Barth has no obligation under the Guaranty to pay them.

¶20 The circuit court concluded that claim preclusion barred Barth from arguing that she was not liable for the filing fees and statutory costs of the Rachfal judgment. "Whether claim preclusion applies to a particular factual scenario is a question of law subject to de novo review." *Kenyon v. Kenyon*, 2004 WI 147, ¶11, 277 Wis. 2d 47, 690 N.W.2d 251. Claim preclusion "provides that a final judgment on the merits in one action bars parties from relitigating any claim that arises out of the same relevant facts, transactions, or occurrences." *Kruckenberg v. Harvey*, 2005 WI 43, ¶19, 279 Wis. 2d 520, 694 N.W.2d 879. If "claim preclusion is applied, a final judgment on the merits will ordinarily bar all matters 'which were litigated or which might have been litigated in the former proceedings.'" *Id.* (citation omitted). For claim preclusion to apply in a case three elements must be present: "(1) an identity between the parties or their privies in the prior and present suits; (2) an identity between the causes of action in the two

suits; and, (3) a final judgment on the merits in a court of competent jurisdiction." ***Northern States Power Co. v. Bugher***, 189 Wis. 2d 541, 551, 525 N.W.2d 723 (1995).

¶21    Here, even if privity between Barth and Rachfal is assumed, we conclude there is no identity between the causes of action in HMI's lawsuits against Barth and Rachfal, respectively.  The circuit court stated that "both the prior suit against Rachfal and Barth's objections address … the obligations of the resident."  The issue in this case, however, is whether Barth can be held liable for those obligations as a guarantor under the Guaranty and the Lease.  That issue was not litigated in HMI's lawsuit against Rachfal.  And as we discussed above, Barth is not liable under the Guaranty for costs and fees incurred by HMI in obtaining the prior judgment against Rachfal.

¶22    We therefore conclude that the circuit court properly ordered that Barth is obligated to pay the $473.33 awarded in the Rachfal judgment for utility costs and cleaning fees as well as the $100.00 attorney's fee, $94.50 filing fee, $2.00 service fee and $20.00 in other costs included in the original Barth judgment.  We further conclude, however, that the court erred by requiring Barth to pay the $2.00 service fee and $94.50 filing fee included in the Rachfal judgment, and the $5.00 fee to docket that judgment.  We therefore affirm in part, reverse in part and remand to the circuit court to modify the judgment to remove the $2.00 service fee and the $94.50 filing fee included in the Rachfal judgment, as well as the $5.00 fee for docketing that judgment.

*By the Court.*—Judgment affirmed in part; reversed in part, and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.